*Decision will be entered for the respondent.*

RICHARD L. JOHNSON AND RUTH W. JOHNSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15104–80.     Filed October 13, 1981.

*Marvin J. Frank*, for the petitioners.
*Elsie Hall*, for the respondent.

GOFFE, *Judge*: The Commissioner determined the following deficiencies in petitioners' Federal income tax:

| Taxable year | Deficiency |
|---|---|
| 1975 | $10,981.17 |
| 1976 | 22,856.96 |
| 1977 | 15,896.84 |

In the statutory notice of deficiency, the Commissioner determined several adjustments to petitioners' liability but the petition contained only an allegation of error as to one adjustment determined for each of the 3 years; therefore, only that adjustment is before the Court. The sole issue to be decided is whether petitioners are taxable in full upon the undistributed taxable income and cash distributions from a "subchapter S corporation" which they controlled, or whether undistributed taxable income and cash distributions in a lesser amount are allocable to them as income under the provisions of section 1.1375–3(d), Income Tax Regs.

## FINDINGS OF FACT

Some of the facts were stipulated. The stipulation of facts and attached exhibits are incorporated by this reference.

Petitioners are husband and wife and they resided in Columbus, Ind., when they filed their petition in this case. They filed joint Federal income tax returns for the taxable years involved with the Office of the Internal Revenue Service at Memphis, Tenn.

The Johnson Oil Co., Inc. (hereinafter referred to as Johnson Oil or the corporation), is a corporation organized and existing under the laws of the State of Indiana. On November 25, 1969, it elected to be taxed as a small business corporation under the provisions of subchapter S of the Internal Revenue Code of 1954, as amended. That election continued in effect to the date of filing the petition in this case. The corporation adopted a fiscal year and filed its Federal income tax returns on a taxable year ending October 31.

For all relevant periods of time, petitioners had two children, Richard L. Johnson, Jr., and Jennifer A. Johnson.

The issued and outstanding capital stock of Johnson Oil, for all relevant periods of time, was owned in the following proportions:

| Shareholder | Percentage |
|---|---|
| Richard L. Johnson | 38.5 percent |
| Ruth W. Johnson | 36.5 percent |
| Richard L. Johnson, Jr | 12.5 percent |
| Jennifer A. Johnson | 12.5 percent |
| | 100.0 percent |

The tables on pages 840–842 reflect the distributions of cash by Johnson Oil to its shareholders for the taxable years of the corporation.

On their joint Federal income tax returns for the taxable (calendar) years involved, petitioners reported as their share of cash distributions and undistributed taxable income of Johnson Oil the following amounts:

| Taxable year | Amount |
|---|---|
| 1975 | $117,101.41 |
| 1976 | 140,289.12 |
| 1977 | 147,999.22 |

In his statutory notice of deficiency mailed to petitioners, the Commissioner of Internal Revenue determined that petitioners should have reported on their income tax returns for the taxable (calendar) years involved as their share of cash distributions and undistributed taxable income of Johnson Oil the following amounts:

| Taxable year | Amount |
|---|---|
| 1975 | $133,775.29 |
| 1976 | 174,638.87 |
| 1977 | 169,043.21 |

### OPINION

Petitioners and their children owned all of the capital stock of Johnson Oil, a "subchapter S corporation." As detailed in our findings of fact the corporation, controlled by petitioners, distributed cash to the shareholders disproportionately to their stock ownership. Petitioners, relying upon section 1.1375–3(d), Income Tax Regs., allocated some of the cash distributed to themselves to the other shareholders, their children, and reported on their income tax returns amounts less than the sum of their actual cash distributions and their share of undistributed taxable income.

## YEAR ENDED OCT. 31, 1975

### Cash Distributions

| Month | Totals | Richard L. Johnson, Sr. | Ruth W. Johnson | Richard L. Johnson, Jr. | Jennifer A. Johnson |
|-------|--------|------------------------|-----------------|------------------------|---------------------|
| 11/74 | $127.94 | $127.94 | 0 | 0 | 0 |
| 12/74 | 355.12 | 355.12 | 0 | 0 | 0 |
| 1/75 | 13,113.13 | 11,690.63 | 0 | $711.25 | $711.25 |
| Subtotals | 13,596.19 | 12,173.69 | 0 | 711.25 | 711.25 |
| 2/75 | 309.69 | 309.69 | 0 | 0 | 0 |
| 3/75 | 73.43 | 73.43 | 0 | 0 | 0 |
| 4/75 | 121,735.12 | 100,848.04 | 0 | 10,443.54 | 10,443.54 |
| 5/75 | 145.50 | 145.50 | 0 | 0 | 0 |
| 6/75 | 25,115.00 | 22,000.00 | 0 | 1,557.50 | 1,557.50 |
| 7/75 | 0 | 0 | 0 | 0 | 0 |
| 8/75 | 10,028.00 | 10,028.00 | 0 | 0 | 0 |
| 9/75 | 25,637.30 | 22,522.30 | 0 | 1,557.50 | 1,557.50 |
| 10/75 | 80.50 | 80.50 | 0 | 0 | 0 |
| | 196,720.73 | 168,181.15 | 0 | 14,269.79 | 14,269.79 |
| Less: Prior year's earnings | (13,596.19) | (12,173.69) | (0) | (711.25) | (711.25) |
| | 183,124.54 | 156,007.46 | 0 | 13,558.54 | 13,558.54 |
| Less: Return of capital | (26,096.53) | (22,232.17) | (0) | (1,932.18) | (1,932.18) |
| 1975 Out of current earnings (0.8574929) | 157,028.01 | 133,775.29 | 0 | 11,626.36 | 11,626.36 |

YEAR ENDED OCT. 31, 1976

CASH DISTRIBUTIONS

| Month | Totals | Richard L. Johnson, Sr. | Ruth W. Johnson | Richard L. Johnson, Jr. | Jennifer A. Johnson |
|---|---|---|---|---|---|
| 11/75 | $25.08 | $25.08 | 0 | 0 | 0 |
| 12/75 | 395.20 | 395.20 | 0 | 0 | 0 |
| 1/76 | 2,728.47 | 1,213.47 | 0 | $757.50 | $757.50 |
| Subtotals | 3,148.75 | 1,633.75 | 0 | 757.50 | 757.50 |
| 2/76 | 181.71 | 181.71 | 0 | 0 | 0 |
| 3/76 | 72.14 | 72.14 | 0 | 0 | 0 |
| 4/76 | 65,079.21 | 31,356.18 | $31,356.18 | 1,191.22 | 1,175.63 |
| 5/76 | 22,006.83 | 11,003.42 | 11,003.41 | 0 | 0 |
| 6/76 | 21,063.70 | 9,181.85 | 9,181.85 | 1,350.00 | 1,350.00 |
| 7/76 | 121.47 | 121.47 | 0 | 0 | 0 |
| 8/76 | 35,000.00 | 17,500.00 | 17,500.00 | 0 | 0 |
| 9/76 | 20,005.18 | 8,652.59 | 8,652.59 | 1,350.00 | 1,350.00 |
| 10/76 | 4,246.70 | 2,123.35 | 2,123.35 | 0 | 0 |
| | 170,925.69 | 81,826.46 | 79,817.38 | 4,648.72 | 4,633.13 |
| Less: Prior year's earnings | (3,148.75) | (1,633.75) | (0) | (757.50) | (757.50) |
| | 167,776.94 | 80,192.71 | 79,817.38 | 3,891.22 | 3,875.63 |
| Add: Undistributed taxable income (pro rata) | 19,505.03 | 7,509.44 | 7,119.34 | 2,438.13 | 2,438.12 |
| | 187,281.97 | 87,702.15 | 86,936.72 | 6,329.35 | 6,313.75 |

## YEAR ENDED OCT. 31, 1977

### Cash Distributions

| Month | Totals | Richard L. Johnson, Sr. | Ruth W. Johnson | Richard L. Johnson, Jr. | Jennifer A. Johnson |
|---|---|---|---|---|---|
| 11/76 | $314.33 | $157.17 | $157.16 | 0 | 0 |
| 12/76 | 4,152.93 | 2,076.46 | 2,076.47 | 0 | 0 |
| 1/77 | 22,840.82 | 8,670.41 | 8,670.40 | $2,750.00 | $2,750.00 |
| Subtotals | 27,308.08 | 10,904.04 | 10,904.03 | 2,750.00 | 2,750.00 |
| 2/77 | 128.91 | 64.46 | 64.45 | 0 | 0 |
| 3/77 | 15,033.05 | 7,516.52 | 7,516.53 | 0 | 0 |
| 4/77 | 33,066.61 | 15,002.24 | 15,002.23 | 1,498.18 | 1,563.96 |
| 5/77 | 0 | 0 | 0 | 0 | 0 |
| 6/77 | 22,237.50 | 9,468.75 | 9,468.75 | 1,650.00 | 1,650.00 |
| 7/77 | 20,000.00 | 10,000.00 | 10,000.00 | 0 | 0 |
| 8/77 | 106.43 | 53.21 | 53.23 | 0 | 0 |
| 9/77 | 32,252.00 | 14,476.00 | 14,476.00 | 1,650.00 | 1,650.00 |
| 10/77 | 0 | 0 | 0 | 0 | 0 |
| | 150,132.58 | 67,485.22 | 67,485.22 | 7,548.18 | 7,613.96 |
| Less: Prior year's earnings | (27,308.08) | (10,904.04) | (10,904.04) | (2,750.00) | (2,750.00) |
| | 122,824.50 | 56,581.18 | 56,581.18 | 4,798.18 | 4,863.96 |
| Add: Undistributed taxable income (pro rata) | 74,507.80 | 28,685.50 | 27,195.35 | 9,313.48 | 9,313.47 |
| | 197,332.30 | 85.266.68 | 83.776.53 | 14,111.66 | 14,177.43 |

Respondent contends that petitioners cannot properly allocate part of the distributions they received to the other shareholders because section 1.1375–3(d), Income Tax Regs., may be utilized only by the Commissioner and only if *he* determines that a reallocation of the distributions is appropriate.

Section 1.1375–3, Income Tax Regs., applicable to the years before the Court, provided as follows:

Sec. 1.1375–3. Treatment of family groups.

(a) *In general.* Pursuant to section 1375(c), any dividend received by a shareholder from an electing small business corporation (including any amount treated as a dividend under section 1373(b)) may be apportioned or allocated by the Internal Revenue Service between or among shareholders of such corporation who are members of such shareholder's family, if it determines that such apportionment or allocation is necessary in order to reflect the value of services rendered to the corporation by such shareholders. In determining the value of services rendered by a shareholder, consideration shall be given to all the facts and circumstances of the business, including the managerial responsibilities of the shareholder, and the amount that would ordinarily be paid in order to obtain comparable services from a person not having an interest in the corporation. The taxable income of the corporation shall be neither increased nor decreased because of the reallocation of dividends under section 1375(c). The amount reallocated shall be considered a dividend to the shareholder to whom it is reallocated.

(b) *Family defined.* For purposes of section 1375(c), the family of an individual shall include only his spouse, ancestors, and lineal descendants.

(c) *Example.* The provisions of section 1375(c) may be illustrated by the following example:

*Example.* The stock of an electing small business corporation is owned 50 percent by F and 50 percent by S, a minor son of F. For the taxable year, the corporation has $70,000 of taxable income and earnings and profits. During the year, the corporation distributes dividends (including amounts treated as dividends under section 1373(b)) of $35,000 to F and $35,000 to S. Compensation of $10,000 is paid by the corporation to F for services rendered during the year, and no compensation is paid to S, who rendered no services. Based on the relevant facts, a reasonable compensation for the services rendered by F would be $30,000. In the discretion of the Internal Revenue Service, up to $10,000 of the $35,000 dividend received by S may, for tax purposes, be allocated to F.

(d) *Effect of waiver of dividends resulting in disproportionate distributions among members of family.* If a non-pro rata distribution of dividends is made to members of a family group, the member of such group who receives less than his pro rata share of such distribution will be deemed to have waived his right to dividends to the extent that his distribution is less than his pro rata share, unless he can establish that the distribution was made

disproportionately without his consent. In the case of such a waiver, the amount distributed to members of the family group shall be reallocated among all the members of the group in accordance with the number of shares owned by each member.

Subsection (a) of the regulation quoted above clearly states that the apportionment or allocation is pursuant to section 1375(c) of the Code.[1] It also clearly provides that such apportionment or allocation may be made by the Internal Revenue Service. During the taxable years involved here, section 1375(c) of the Code, the authority under which section 1.1375–3, Income Tax Regs., was promulgated, provided as follows:

(c) TREATMENT OF FAMILY GROUPS.—Any dividend received by a shareholder from an electing small business corporation (including any amount treated as a dividend under section 1373(b)) may be apportioned or allocated by the Secretary or his delegate between or among shareholders of such corporation who are members of such shareholder's family (as defined in section 704(e)(3)), if he determines that such apportionment or allocation is necessary in order to reflect the value of services rendered to the corporation by such shareholders.

The Code makes it clear that the apportionment or allocation may be made by the Secretary.

Section 1.1375–3(d), Income Tax Regs., must be read in the context of all of section 1.1375–3, Income Tax Regs., quoted above. Nothing in the code or the regulations implies that authority is granted to the shareholders to allocate the distributions in any ratio other than the one in which they were actually distributed.

In the instant case, the Internal Revenue Service made no allocation pursuant to section 1375(c) of the Code or section 1.1375–3(d), Income Tax Regs.

A taxpayer may not invoke the provisions of section 482. Sec. 1.482–1(b)(3), Income Tax Regs.; *Interstate Fire Insurance Co. v. United States*, 215 F. Supp. 586, 598 (E.D. Tenn. 1963), affd. by unpublished order (6th Cir. 1964); *Morton-Norwich Products, Inc. v. United States*, 221 Ct. Cl. 83, 602 F.2d 270 (1979), cert. denied 445 U.S. 927 (1980). As is the case with section 482, we hold that a taxpayer may not invoke the provisions of section 1375(c).

---

[1]All section references are to the Internal Revenue Code of 1954 as amended.

We accordingly hold that the allocation of distributions by petitioners was not authorized and the Commissioner is sustained in his determination.

*Decision will be entered for the respondent.*