Richard L. JOHNSON and Ruth W. Johnson, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 82–1056.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 3, 1983.

Decided Nov. 10, 1983.

Marvin J. Frank, Garelick, Cohen, Frank & Fishman, Robert A. Garelick, Indianapolis, Ind., for appellants.

Kenneth W. Gideon, I.R.S., Glenn L. Archer, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before WOOD, POSNER and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

Treasury Reg. § 1.1375–3(d) provides (with a limitation inapplicable to this case) that where the shareholders of a Subchapter S corporation are members of the same family, and the corporation distributes dividends to them other than in proportion to the number of shares in the corporation that each member owns, "the amount distributed to members of the family group shall be reallocated among all the members of the group in accordance with the number of shares owned by each member." The question for decision is whether this provision can be invoked by the taxpayer, or, as the Tax Court held, 77 T.C. 837 (1981), just by the Internal Revenue Service. The appellants, who together with their two children are the shareholders of a Subchapter S corporation, reported as income only the dividends that their shares entitled them to, though in fact they had received more. They want the Service to confirm this reallocation of the extra dividends to their children, who had received less than their shares entitled them to. The Service refused, the Tax Court upheld the refusal, and the parents have appealed to us.

The parents between them own 75 percent of the corporation's stock, so that quite apart from their parental control over the minor children who are the other share-holders they legally control the corporation and could if they had wanted have directed it to pay them just their pro rata share of the dividend distribution. They did not, and have now repented of their decision and want the Internal Revenue Service to undo it for them. This is an unusual request with no precedent that we have been able to find. The taxpayer, having made his bed, must lie in it. See, e.g., *Commissioner v. National Alfalfa Dehydrating & Milling Co.,* 417 U.S. 134, 149, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717 (1974).

Furthermore, the apparently mandatory language of Treas.Reg. § 1.1375–3(d) must be interpreted in light of the statute that it implements, 26 U.S.C. § 1375(c), which provides that any dividend received by a shareholder in a Subchapter S corporation who belongs to a family group "may be apportioned or allocated. by the secretary [of the Treasury] between or among shareholders of such corporation who are members of such shareholder's family . . . if he determines that such apportionment or allocation is necessary in order to reflect the value of services rendered to the corporation by such shareholders." The statute creates a power, not a duty. The income of a Subchapter S corporation is taxed to the shareholders as ordinary personal income. There is naturally an incentive to steer this income to the members of a family who are in a low tax bracket, such as children. One method of doing this is to give the children the lion's share of the stock, but the disadvantage is that the adults surrender at least nominal control of the corporation. Another method is to retain the dominant stock holding but to allocate the corporate income disproportionately to the children, and subsection (d) of Treas.Reg. § 1.1375–3 was designed to prevent this. Still another method—the one used here—is to receive and use income to which the children's shares entitled them but to have the income taxed as if the children had received it. To invoke Treas.Reg. § 1.1375–3 for this purpose would be to transform a rule intended to prevent tax avoidance into a tool for tax avoidance.

It would be better if the Service had added to the regulation the kind of caveat

that the regulations under 26 U.S.C. § 482 (a statute parallel to section 1375(c), allowing the Service to reallocate income among affiliated corporations) contain. "Section 482 grants no right to a controlled taxpayer to apply its provisions at will, nor does it grant any right to compel the district director [of the IRS] to apply such provisions." Treas.Reg. § 1.482–1(b)(3). But it is clear enough what the service was driving at in Treas.Reg. § 1.1375–3(d). Only a sterile literalism supports the taxpayers' argument.

As a result of a major overhaul of Subchapter S in 1982, section 1375 does not apply to tax years after 1982. However, a successor provision, 26 U.S.C. § 1366, contains a provision similarly (although not identically) worded to section 1375(c). See 26 U.S.C. § 1366(e), added by Pub.L. 97–354, § 2, 96 Stat. 1677 (Oct. 19, 1982). Regulations have not yet been issued under that section but we may hope that when they are issued they will contain a provision that will eliminate the ambiguity that has given rise to this appeal.

AFFIRMED.